IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 00-60850
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOE NATHAN REID,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
(3:00-CR-82-ALL-BS)
--------------------
July 17, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Joe Nathan Reid appeals his conviction for carjacking by force, in violation of 18 U.S.C. § 2119. Count 1 of Reid's indictment charged that he possessed a handgun during the carjacking. Reid argues that the guilty verdict is inconsistent with the jury's verdict of acquittal on the charge in count 2 of the indictment that he brandished a handgun. He also argues that the evidence was insufficient to convict him of carjacking by force

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because there was no evidence that he intended to kill or seriously injure the victim.

Even if the jury's verdicts were inconsistent, Reid would not be entitled to reversal of his conviction. See United States v. Straach, 987 F.2d 232, 240-41 (5th Cir. 1993) (citing United States v. Powell, 469 U.S. 57, 63-65 (1984)). As long as there is sufficient evidence to support the finding of guilt on the carjacking count, the jury's acquittal on the brandishing count is not a bar to conviction. See United States v. Geiger, 190 F.3d 661, 664 (5th Cir. 1995).

The jury could have inferred from the victim's testimony that Reid would have attempted to seriously harm or kill him if that had been necessary to complete the taking of the car. See Holloway v. United States, 526 U.S. 1, 11-12 (1999). The evidence of intent clearly is not so tenuous that a guilty verdict would amount to a miscarriage of justice. See United States v. Pierre, 958 F.2d 1304, 1310 (5th Cir. 1992) (en banc).

AFFIRMED.